IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Brian O'Connor,<br>Administrator for the Estate of Hyo Jung Kim,<br><br>    Plaintiff,<br><br>v.<br><br>Fairfax Taxi, Inc., *et al.*,<br><br>    Defendants. | Civil Action No. 1:23-cv-1756 |
| Sung-Chul Jung,<br><br>    Plaintiff,<br><br>v.<br><br>Fairfax Taxi, Inc., *et al.*,<br><br>    Defendants. | Civil Action No. 1:23-cv-1758 |

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on defendants' motions for judgment on the pleadings.

This case arises from a car accident, which occurred on April 29, 2019, on the George Washington Parkway. That afternoon, plaintiffs Hyo Jung Kim and Sung-Chul Jung requested a taxicab from defendant Fairfax Taxi. Defendant Amoah Gyimah drove the taxicab dispatched to pick up the plaintiffs. While driving northbound on the

1

parkway with the plaintiffs, Gyimah collided head-on with a vehicle traveling southbound. The collision killed Gyimah and Kim, and Jung sustained serious injuries.

Though docketed separately, plaintiffs' more definite statements are identical. Plaintiffs claim Gyimah negligently operated his taxicab and three theories support extending liability for Gyimah's negligence to Fairfax Taxi: (1) Fairfax Taxi has a non-delegable duty because its operations involve an unreasonable risk of harm to others and require a franchise granted by a public authority; (2) Gyimah and Fairfax Taxi were combined as a joint venture or joint enterprise; and (3) Fairfax Taxi, as Gyimah's employer, is vicariously liable for Gyimah's negligence. Defendants seek a judgment on the pleadings under Rule 12(c), arguing res judicata and pleading deficiencies bar plaintiffs' path to recovery.

The standard of review for Rule 12(c) motions is the same as the plausibility standard governing Rule 12(b)(6) motions. Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). However, unlike a Rule 12(b)(6) motion, a Rule 12(c) motion requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims are ripe to be resolved at this very early stage of the litigation. This standard requires the moving party to show to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief.

Plaintiffs first pursued this cause of action in Fairfax County Circuit Court. That case concluded when Plaintiffs took a nonsuit on July 13, 2023. A nonsuit, however, does not erase any memory of the prior case. Only the claims pending at the time of the

2

nonsuit survive for future resolution; res judicata prevents parties from relitigating claims that the state court resolved prior to the nonsuit. Dalloul v. Agbey, 255 Va. 511, 514 (1998). Under the language of Va. Code § 8.01–380(A), the action subject to a plaintiff's nonsuit request is comprised of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case. Id. Here, the Fairfax court sustained the defendants' partial demurrer without leave to amend on July 5, 2023. That order explicitly held that "the portion of Plaintiffs' claim based upon the existence of a joint venture or joint enterprise is dismissed with prejudice." Jung v. Red Top Cab, LLC, 111 Va. Cir. 452, 457–58 (2023). With that order, plaintiffs' claim premised on joint venture or joint enterprise was not part of the pending action when plaintiffs took the nonsuit on July 13th. Accordingly, that claim was excluded by operation of law from plaintiffs' nonsuit request. Dalloul, 255 Va. at 514 (citing Bremer v. Doctor's Bldg. P'ship, 251 Va. 74, 80 (1996)).

      Plaintiffs appeal to Tysons Toyota, Inc. v. Globe Life Insurance, Co., 45 F.3d 428 (unpublished table decision), 1994 WL 717598 (4th Cir. Dec. 29, 1994), to argue their joint venture claim survived the nonsuit. There, however, the state court ruled on certain demurrers from the bench and, after the nonsuit, denied defendants' "request for an order identifying which demurrers had been sustained." Id., 1994 WL 717598, at *6. The opposite is true here. The Fairfax court, before plaintiffs' nonsuit, entered a separate order, holding "it is hereby ORDERED that the Defendants' Partial Demurrer is SUSTAINED WITHOUT LEAVE TO AMEND and that the Plaintiffs' claims against Fairfax Taxi predicated upon the existence of a joint venture or joint enterprise are

3

DISMISSED WITH PREJUDICE." Unlike Tysons Toyota, the Fairfax court was unambiguous, and res judicata bars plaintiffs from further pursuing claims against Fairfax Taxi based on joint venture or joint enterprise.

The Fairfax court similarly rejected plaintiffs' remaining claims against Fairfax Taxi. Plaintiffs' more definite statement also alleges that Fairfax Taxi has a non-delegable duty because its operations involve an unreasonable risk of harm to others and require a franchise granted by a public authority. But the Fairfax court's July 5th opinion also addressed this theory of liability, finding that operating a taxicab service does not involve an unreasonable risk of harm to others. Jung, 111 Va. Cir. at 456 "Driving a car on a busy highway presents ordinary risks of harm encountered by millions of people each day. There is nothing unreasonable about the risk involved." Id.

And plaintiffs' theory of vicarious liability fared no better. Plaintiffs relied on Belcher v. Dandridge, 61 Va. Cir. 684 (2002), which held that a taxicab company was liable for its driver's negligence, but the Fairfax court found that case is distinguishable on its facts and by more recent holdings by the Virginia Supreme Court. Jung, 111 Va. Cir. at 456. Unlike Belcher, Gyimah owned the vehicle he drove rather than leasing the vehicle from Fairfax Taxi, and the obligation to insure the vehicle rested on Gyimah. The Fairfax court also quoted from Gyimah's Taxicab Operator Agreement with Fairfax Taxi, which read in part that the parties intended to create by the Agreement the relationship of an independent contractor and not an employer-employee relationship. The Agreement also read that any doubt as to its construction shall be resolved to maintain the Operator's status as an independent contractor. The Fairfax court found no applicable exception to the general rule barring liability of an

employer for the negligence of an independent contractor. Though the Fairfax court did not dismiss with prejudice these claims against Fairfax Taxi based on unreasonable risk or vicarious liability, the Fairfax court's reasoning was sound, and the Court again rejects those claims.

Lastly, plaintiffs state a negligence claim against Gyimah. Plaintiffs allege in the alternative that either Gyimah's vehicle or the vehicle Gyimah collided with crossed the double yellow line on the parkway. In either event, plaintiffs claim Gyimah's negligence caused the accident—either by his own misdeed or by failing to avoid the oncoming car. Plaintiffs claim that third party witnesses are expected to provide circumstantial evidence of this negligence, such as testimony that Gyimah was distracted by an electronic device while driving. Defendants retort the secondary sources identified are insufficient, but the Court will not weigh the sufficiency of plaintiffs' yet-to-be submitted evidence on a motion for judgment on the pleadings. Accordingly, it is hereby

**ORDERED** that defendants' motion for judgment on the pleadings is **GRANTED-IN-PART** and **DENIED-IN-PART**. As to plaintiffs' claims against Fairfax Taxi, defendants' motion is **GRANTED**, and Fairfax Taxi is **DISMISSED** from these proceedings. As to plaintiffs' claims against Gyimah, defendants' motion is **DENIED WITHOUT PREJUDICE** as to defendants raising their objections again at a later stage of the proceedings.

Alexandria, Virginia
June 28, 2024

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE